IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

CIVIL ACTION NO.: 7:09-cv-165

| | | |
|---|---|---|
| ALEA LONDON LIMITED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT FOR** |
| | ) | **DECLARATORY JUDGMENT** |
| BRENDA OXENDINE, | ) | |
| CRYSTAL GRAHAM, as Guardian Ad | ) | **[28 U.S.C. § 1332; F.R.C.P. Rule 57** |
| Litem for J R, a minor, | ) | **and TITLE 28 U.S.C. §§ 2201, 2202]** |
| LINDA COX, individually and as | ) | |
| Guardian Ad Litem for | ) | |
| J J C, a minor, | ) | |
| | ) | |
| Defendants. | ) | |

NOW COMES the Plaintiff, ALEA LONDON LIMITED, and files this Complaint for Declaratory Judgment pursuant to Title 28 U.S.C. § 1332, Rule 57 of the Federal Rules of Civil Procedure, and 28 U.S.C. §§ 2201, 2202.

### JURISDICTIONAL ALLEGATIONS

1. This action involves a controversy wholly between citizens of a state and subjects or citizens of a foreign state, and this court has jurisdiction over this matter pursuant to Title 28 U.S.C. § 1332. Plaintiff's request for declaratory relief is brought pursuant to Rule 57 of the Federal Rules of Civil Procedure and Title 28 U.S.C. §§ 2201, 2202. The defendants have an interest in this action arising from and by virtue of the claims made by and between these defendants in the Cox Lawsuit identified below.

2. Upon information and belief, the Cox Lawsuit, identified below, makes allegations that place the amount in controversy in excess of $75,000.00, exclusive of interest and costs. Therefore,

the amount in controversy in this action, concerning the validity of coverage, indemnity, duty to defend and cost to defend under the Alea Policy, exceeds $75,000.00.

3. ALEA LONDON LIMITED (hereinafter "Alea") is domiciled in the United Kingdom and at all times herein was an eligible surplus lines insurer in North Carolina pursuant to N.C.G.S. §58-21-1 et seq. At all times relevant to this action, Alea did and does business in Wake County and Robeson County, North Carolina.

4. Upon information and belief, defendant Brenda Oxendine (hereinafter "Oxendine"), is a citizen and resident of Robeson County, North Carolina.

5. Upon information and belief, J R (hereinafter "R") is a minor and he is a citizen and resident of Robeson County, North Carolina. Upon information and belief, Oxendine is the parent and guardian of "R".

6. Upon information and belief, defendant Crystal Graham has been appointed Guardian ad Litem for "R" in the underlying suit entitled *Linda Cox, Individually, and as Parent and Guardian Ad Litem of J J C vs. Brenda Oxendine, Individually, and Crystal Graham, as Guardian Ad Litem of J R,* pending in the Superior Court, Robeson County, North Carolina, bearing Case No. 09 CVS 03060 (hereinafter "the Cox Lawsuit"). A true and accurate copy of the Cox Lawsuit is attached hereto as "Exhibit A".

7. Upon information and belief, defendant Linda Cox (hereinafter "Cox") is a citizen and resident of Robeson County, North Carolina. Upon information and belief, Cox is the parent and guardian of J J C.

8. Upon information and belief, J J C (hereinafter "J C") is a minor and he is a citizen and resident of Robeson County, North Carolina.

9. Upon information and belief, defendant Cox has been appointed Guardian Ad Litem for "J C" in the Cox Lawsuit.

10. On or about September 12, 2005, Tapco Underwriters, Inc., a managing general agent for Alea, issued a Homeowners Policy of insurance to Oxendine, with a policy period from 9-12-05 to 9-12-06 for location 33 Darell Dr., Pembroke, North Carolina 28372. The policy number is ALTO002023 (the "Policy"). A true and certified copy of the Policy is attached hereto as "Exhibit B".

11. The Policy contains certain coverages, limits, conditions, terms and exclusions; including but not limited to certain coverages, limits, conditions, terms and exclusions for Personal Liability and Medical Payments to Others.

12. On or about August 31, 2009, Cox, individually and as Guardian Ad Litem of "J C" filed the Cox Lawsuit.

13. The Cox Lawsuit and seeks compensation for damages arising from an accident alleged to have occurred on or about September 11, 2006 on Bearswamp Lane in Pembroke, Robeson County, North Carolina. The Cox Lawsuit alleges that "R" was operating a dirt bike on Bearswamp Lane and that "R" struck "J C" ("the Accident").

14. The Cox Lawsuit alleges that Oxendine and "R" were negligent and that their negligence was a proximate cause of the Accident and "J C"'s and Cox's injury and damages.

15. Oxendine tendered the Cox Lawsuit to Alea for defense and indemnity. Alea is providing defense to Cox and "R" under a full reservation of rights. A copy of the reservation of rights letter is attached hereto as Exhibit "C" and is incorporated herein by reference.

16. Alea seeks a declaration from the Court as to its duties and obligations under the subject policy. Alea seeks a declaration from the Court that the allegations of the Cox Lawsuit and facts of the Accident do not trigger any duty to defend, indemnity or coverage under the Policy.

## FIRST CLAIM FOR RELIEF
### (DECLARATORY JUDGMENT)

Alea, pursuant to Rule 57 of the Federal Rules of Civil Procedure and Title 28 U.S.C. §§ 2201, 2202, alleges as follows:

17. Plaintiff incorporates the allegations of paragraphs 1 through 16 hereinabove, as if fully set forth herein.

18. This is an action for declaratory relief pursuant to Chapter 57 of the Federal Rules of Civil Procedure and Title 28 U.S.C. §§ 2201, 2202.

19. This matter involves an actual controversy between Alea and the Defendants and concerns alleged insurance coverage arising from the Accident.

20. The Policy provides, in part, the following provisions, exclusions and endorsements:

HOMEOWNERS 8<br>
MODIFIED COVERAGE FORM

\* \* \*<br>
DEFINITIONS<br>
\* \* \*

4. "Insured location" means:

    a. The "residence premises";

    b. The part of other premises, other structures and grounds used by you as a residence and:
        (1) Which is shown in the Declaration; or
        (2) Which is acquired by you during the policy period for your use as a residence;

\* \* \*

SECTION II - LIABILITY COVERAGES

**COVERAGE E - Personal Liability**

If a claim is made or a suit is brought against an "insured" for damages because of "bodily injury" or "property damage" caused by an "occurrence" to which this coverage applies, we will:

1. Pay up to our limit of liability for the damages for which the "insured is legally liable. Damages include prejudgment interest awarded against the "insured"; and

2. Provide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent. We may investigate and settle any claim or suit that we decide is appropriate. Our duty to settle or defend ends when the amount we pay for damages resulting from the "occurrence" equals our limit of liability.

**COVERAGE F - Medical Payments to Others**

We will pay the necessary medical expenses that are incurred or medically ascertained within three years from the date of the accident causing "bodily injury." Medical expenses means reasonable charges for medical, surgical, x-ray, dental, ambulance, hospital, professional nursing, prosthetic devices and funeral services. This coverage does not apply to you or regular residents of your household except "residence employees." As to others, this coverage applies only:

1. To a person on the "insured location" with the permission of an "insured"; or

2. To a person off the "insured location," if the "bodily injury":

    a. Arises out of a condition on the "insured location" or the ways immediately adjoining;
    b. Is caused by the activities of an "insured";
    c. Is caused by a "residence employee" in the course of the "residence employee's" employment by an "insured"; or
    d. Is caused by an animal owned by or in the care of an "insured."

* * *

(HO 00 08 04 91, Page 9 of 15)

SECTION II - EXCLUSIONS

1. Coverage E - Personal Liability and Coverage F - Medical Payments to Others do not apply to "bodily injury" or "property damage":

   * * *

   f. Arising out of:

   (1) The ownership, maintenance, use, loading or unloading of motor vehicles or all other motorized land conveyances, including trailers, owned or operated by or rented or loaned to an "insured"

   (2) The entrustment by an "insured" of a motor vehicle or any other motorized land conveyance to any person; or

   (3) Vicarious liability, whether or not statutorily imposed, for the actions of a child or minor using a conveyance excluded in paragraph (1) or (2) above.

   This exclusion does not apply to:

   (1) A trailer not towed by or carried on a motorized land conveyance;

   (2) A motorized land conveyance designed for recreational use off public roads, not subject to motor vehicle registrations and:

   (a) Not owned by an "insured"; or
   (b) Owned by an "insured" and on an "insured location";

   * * *

(HO 00 08 04 91, Page 10 of 15)

ALL TERRAIN VEHICLE EXCLUSION

This insurance does not apply to and no duty to defend is provided by us for any claim or claims arising out of:

(1) The ownership, maintenance, use, loading or unloading of motor vehicles, all terrain vehicles (ATV's) or all other motorized land conveyances, including trailers, owned or operated or rented or loaned to an insured.

6

(2) The entrustment by an insured of a motor vehicle, all terrain vehicle (ATV), or any other motorized land conveyance to any person.

The above applies whether or not the ATV is used upon the insured's land or not.

\* \* \*

DUTY TO DEFEND

Where there is no coverage under this policy, there is no duty to defend.

\* \* \*

(EXCL0021 (07/03), Page 2 of 5)

21. The allegations of the Cox Lawsuit and the facts of this Accident do not trigger any duty to defend, indemnity or coverage under the Policy.

**WHEREFORE**, Alea respectfully requests that the Court grant the following relief:

1. That the Court declare the rights, obligations and duties of Alea under the subject Policy as to the Cox Lawsuit;

2. That the Court declare that Alea has no duty to defend or indemnify Oxendine or "R" from the Cox Lawsuit or any judgement rendered therein;

3. That the costs of this action be taxed against the defendants; and

4. For such other and further relief as the Court deems just and proper.

This the 9th day of October, 2009.

        /s/ O. Craig Tierney, Jr.
O. Craig Tierney, Jr.
NC State Bar No.: 17109
*Attorney for Plaintiff*
Brown, Crump, Vanore & Tierney, L.L.P.
Post Office Box 1729
Raleigh, NC 27602
Telephone: 919-835-0909
Facsimile: 919-835-0915
Email: ctierney@bcvtlaw.com