IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:09-CV-165-F

| | |
|---|---|
| ALEA LONDON LIMITED, ) ) Plaintiff, ) ) v. ) ) BRENDA OXENDINE, ) CRYSTAL GRAHAM, as Guardian Ad Litem ) for JR, a minor, ) LINDA COX, individually and as Guardian Ad ) Litem for JJC, a minor, ) ) Defendants. ) _____ ) | **MEMORANDUM & RECOMMENDATION** |

This matter comes before the court upon Alea London Limited's ("Alea") motion for entry of default as to defendant JR, a minor, by Brenda Oxendine, as parent and guardian of JR, a minor and further response to the court's December 1, 2009 order (DE-20). For the reasons that follow, it is **RECOMMENDED** that Alea's motion for entry of default be **GRANTED**.

Alea is a North Carolina licensed surplus lines insurer. Alea issued a homeowner's insurance policy to defendant Brenda Oxendine ("Oxendine") with coverage effective from September 12, 2005 until September 12, 2006. Defendant JJC, a minor, by and through his guardian ad litem, Linda Cox ("Cox") instituted a personal injury claim in the Superior Court of Robeson County, North Carolina against Oxendine and Crystal Graham ("Graham"), guardian ad litem for JR, a minor, arising out of an incident occurring on September 11, 2006. Oxendine, as holder of the homeowner's insurance policy, tendered a request for legal representation to Alea. Pursuant to a

full reservation of its rights, Alea agreed to the representation. On October 9, 2009, Alea sought a declaratory judgment from this court regarding its rights and obligations in the underlying state civil suit (DE-1). Defendants were properly served. However, none of the defendants timely filed a response. In turn, Alea filed a motion for entry of default judgment as to Oxendine and Cox, individually and as guardian ad litem for JJC (DE-13). The court granted the forgoing motion for entry of default on December 29, 2009 (DE-16). Alea was unable to properly move for an entry of default as to Graham, guardian ad litem for JR, because Graham only represented JR in the state action. At the time of the forgoing motion, Alea was not aware of the proper guardian for JR in the federal action. On March 5, 2009, Alea filed the instant motion, which named Oxendine as parent and guardian of JR. Oxendine did not file a response on behalf of JR and, accordingly, Alea is entitled to an entry of default.

For the reasons discussed above, it is **HEREBY RECOMMENDED** that Alea's motion for entry of default as to defendant JR, a minor, by Brenda Oxendine, as parent and guardian of JR, a minor (DE-20)be **GRANTED**.

SO RECOMMENDED in Chambers at Raleigh, North Carolina this 22nd day of April, 2010.

_____
William A. Webb
U.S. Magistrate Judge