IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:09-CV-165-FL

| | | |
|---|---|---|
| ALEA LONDON LIMITED, <br> Plaintiff, <br><br> v. <br><br> BRENDA OXENDINE; CRYSTAL GRAHAM, as Guardian Ad Litem for J.R. a minor; LINDA COX, individually and as Guardian Ad Litem for J.J.C. a minor, <br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) | ORDER |

This matter comes now before the court on plaintiff's motion for entry of default against J.R., a minor (DE # 20). The motion is before the court with benefit of memorandum and recommendation ("M&R") from the magistrate judge pursuant to 28 U.S.C. § 636(b)(1) (DE # 24). No objections have been filed to the M&R. For the reasons that follow, the motion is granted.

BACKGROUND

On October 9, 2009, plaintiff initiated this declaratory judgment action against defendants Brenda Oxendine ("Oxendine"), J.R. through his guardian ad litem Crystal Graham ("Graham"), Linda Cox ("Cox"), and J.J.C. through his guardian ad litem Cox. The defendants in this action are adverse parties in a state court action pending in Robeson County Superior Court in which Cox and J.J.C. are plaintiffs and Oxendine and J.R. are defendants. Plaintiff, whose interests also are implicated in the state court action, is the insurer of Oxendine. Plaintiff asks that this court to declare it has no duty to defend or indemnify Oxendine and J.R. in the state action.

Both Cox and Oxendine were served on October 14, 2009, and both failed to respond to the

summons. Accordingly, on December 29, 2009, the court entered default against Oxendine and Cox. The entry of default against Cox was both in her individual capacity and in her capacity as guardian ad litem for J.J.C. No such motion was made against J.R. at that time.

Plaintiff first served J.R. through Graham, who serves as J.R.'s guardian ad litem in the state action. Graham, however, represented to plaintiff she had not been appointed as J.R.'s guardian ad litem in the federal court action. Thus, plaintiff again served J.R. through Oxendine, his mother, on January 11, 2010. J.R. has failed to respond to the complaint through Graham or Oxendine. As a result, plaintiff now moves for entry of default against J.R.

## DISCUSSION

Federal Rule of Civil Procedure 55 sets forth the process for obtaining a default judgment. "Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)." 10A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice & Procedure § 2682 (3d ed.). Entry of default is proper "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise[.]" Fed. R. Civ. P. 55(a).

After the clerk has entered default against a party, the plaintiff may then move the court for default judgment. Fed. R. Civ. P. 55(b). "A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared." Id. (emphasis added). Rule 55 also provides that the court may set aside an entry of default for good cause. Fed. R. Civ. P. 55(c).

Here, plaintiff served J.R. through his mother, Oxendine, on January 11, 2010. Such service was proper pursuant to Federal Rule of Procedure 4(g) and North Carolina Rule of Civil Procedure
2

4(j)(2). J.R. failed to respond to the complaint. Given this failure to appear, entry of default against J.R. is proper.

Although default has now been entered against all defendants, the incapacity of J.R. and J.J.C. must be addressed before the case can proceed. As defendants Oxendine and Cox were properly served and have defaulted, plaintiff is directed to take such action as necessary against these defendants within twenty-one (21) days from date of entry of this order to reduce this matter to judgment. As the incapacity of defendants J.R. and J.J.C. would prevent entry of judgment against them at this time, plaintiff is directed to show cause why this case should not be dismissed without prejudice against these defendants or how this matter can be reduced to judgment against these defendants within twenty-one (21) days from date of entry of this order.

## CONCLUSION

For the foregoing reasons, upon considered review of the record, the court ADOPTS as its own the magistrate judge's recommendation and GRANTS plaintiff's motion for entry of default against J.R. (DE ## 20, 24). Plaintiff is directed to take such action as provided herein within twenty-one (21) days from date of entry of this order.

SO ORDERED, this the 14th day of July, 2010.

LOUISE W. FLANAGAN
Chief United States District Judge