IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:09-CV-165-FL

| | | |
|---|---|---|
| ALEA LONDON LIMITED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| BRENDA OXENDINE; CRYSTAL GRAHAM, as Guardian Ad Litem for J.R. a minor; LINDA COX, individually and as Guardian Ad Litem for J.J.C. a minor, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

This matter came before the court for hearing on August 19, 2010, where the court considered plaintiff's motion for default judgment against defendants Brenda Oxendine ("Oxendine") and Linda Cox ("Cox") (DE # 27) and plaintiff's claim on the merits (DE # 31). For the reasons that follow, entries of default against defendants Oxendine and the minor J.R. are set aside.[1] Plaintiff's motion for default judgment is granted as to defendant Cox. Plaintiff's request for declaratory relief is allowed as set forth more particularly below.

## BACKGROUND

Plaintiff issued a homeowner's insurance policy to defendant Oxendine which covers the period beginning on September 12, 2005, and ending on September 12, 2006 ("policy"). Plaintiff seeks a declaratory judgment that it has neither a duty to defend nor a duty to indemnify defendants Oxendine and J.R. in a state action brought by defendants Cox and J.J.C. which stems from an

---

[1] While Crystal Graham is denominated in the caption as guardian ad litem for J.R., she has disclaimed any representation of Oxendine's child in this matter as noted in this court's order of July 14, 2010.

incident on September 11, 2006, <u>Linda Cox, Individually, and as Parent and Guardian Ad Litem of J.J.C. v. Brenda Oxendine, Individually, and Crystal Graham as Guardian Ad Litem of J.R.</u>, 09CVS03060 (Superior Court, Robeson County, N.C.) ("state action"). Defendants Oxendine and Cox are the adult parents of minor defendants J.R. and J.J.C., respectively. On December 29, 2009, the court entered default against defendants Oxendine, Cox, and J.J.C. for failure to appear. On July 14, 2010, the court entered default against defendant J.R. Plaintiff since moved for default judgment against the adult defendants, Oxendine and Cox. Plaintiff also requested hearing on the merits so that judgment can enter against defendants J.R. and J.J.C.

On August 5, 2010, the court set this matter for hearing to take up plaintiff's motion for default judgment against defendants Oxendine and Cox and, if appropriate, to consider plaintiff's claims on the merits against minor defendants J.R. and J.J.C. The order also directed defendants Oxendine and Cox to show cause why they should not represent the interests of J.R. and J.J.C., respectively, in the action. The court then directed plaintiff to serve a copy of the August 5 order on defendants at their last known addresses.

Plaintiff served defendants Oxendine and J.R. on August 7, 2010, via certified mail with a return receipt. In compliance with the order, defendants Oxendine and J.R. attended hearing on August 19. Plaintiff's efforts to serve defendants Cox and J.J.C. via certified mail were returned as unclaimed. Plaintiff, however, notified Franklin Pope, defendants Cox and J.J.C.'s attorney in the state matter, of the hearing on August 19. Additionally, defendant Oxendine represented at hearing that she saw defendant Cox on August 17 and showed her the court's order setting hearing on August 19. Defendant Oxendine further represented that defendant Cox stated she did not plan to attend the hearing. Neither defendant Cox nor minor defendant J.J.C. were present at hearing.

2

## DISCUSSION

A. Default Judgment

"Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)." 10A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice & Procedure § 2682 (3d ed.). Entry of default is proper "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise[.]" Fed. R. Civ. P. 55(a). Entry of default may be set aside for good cause. Fed. R. Civ. P. 55(c).

Given defendants Oxendine's and J.R.'s attendance at hearing, the court finds it proper to set aside their defaults as allowed by Rule 55(c). By contrast, defendant Cox has failed to appear in this action to date. Additionally, it appears she had notice of the hearing on August 19, even if service via mail was returned. Accordingly, the court enters default judgment against defendant Cox in accordance with Rule 55(b)(2).

B. Declaratory Judgment

"[U]pon the filing of an appropriate pleading, [a court] may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment[.]" 28 U.S.C. § 2201(a). Pursuant to Rule 57, "[t]he court may order a speedy hearing of a declaratory-judgment action."

The analysis of whether an insurer has a duty to defend is distinct from the analysis of whether it has a duty to indemnify. Harleysville Mut. Ins. Co. v. Buzz Off Insect Shield, LLC, 364 N.C. 1, 6, 692 S.E.2d 605, 610 (2010). An insurer's duty to defend is usually broader than its duty

3

to indemnify. Id. "If the insurance policy provides coverage for the facts as alleged, then the insurer has a duty to defend. Conversely, in determining whether an insurer has a duty to indemnify, the facts as determined at trial are compared to the language of the insurance policy." Id. at 7, 692 S.E.2d at 611.

In light of the reasons provided at hearing by plaintiff and the understanding espoused by defendant Oxendine regarding the implications of the case, the court finds it appropriate to proceed on the merits against defendants Oxendine, J.R. and J.J.C. Here, the policy provides the following exclusion: "This insurance does not apply to and no duty to defend is provided by us for any claim or claims arising out of: (1) The ownership, maintenance, use, loading or unloading of motor vehicles, all terrain vehicles (ATV's) [sic] or all other motorized land conveyances, including trailers, owned or operated or rented or loaned to an insured. (2) The entrustment by an insured of a motor vehicle, all terrain vehicle (ATV), or any other motorized land conveyance to any person. The above applies whether or not the ATV is used upon the insured's land or not." ("ATV exclusion") (Compl. Ex. 2, p. 24.) In the state action, Cox and J.J.C. allege Oxendine gave J.R. possession of a dirt bike, Oxendine failed to adequately supervise J.R.'s use of the dirt bike, and that J.R. harmed J.J.C. while operating the dirt bike. (Id. Ex. 1.)

Based on the allegations in the state action, plaintiff does not have a duty to defend Oxendine and J.R. See, e.g., Harleysville, 364 N.C. at 7, 692 S.E.2d at 611. The allegations involve the use of a dirt bike. There appears no dispute that a dirt bike is a motorized land conveyance under the terms of the policy. As such, claims arising out of its use are excluded under the policy.

Accordingly, the pleadings in the state action fail to allege facts demonstrating that J.J.C.'s injury is covered by the policy issued by plaintiff to defendant Oxendine. Moreover, the court finds

4

that the facts alleged in the pleadings in the state action indicate that the ATV exclusion applies. In sum, judgment is proper for plaintiff.

## CONCLUSION

For the foregoing reasons, entry of default is set aside as to defendants Oxendine and J.R. Plaintiff's motion for default judgment is GRANTED in part as to defendant Cox and DENIED. (DE # 27.) After hearing on the merits, plaintiff's request for a declaratory judgment is GRANTED as to defendants Oxendine, J.R., and J.J.C. The court finds that the pleadings in the state action fail to allege facts demonstrating that J.J.C.'s injury is covered by the policy issued by plaintiff to defendant Oxendine. Moreover, the court finds that the facts alleged in the pleadings in the state action indicate that the ATV exclusion applies. As such, the court holds that plaintiff does not have a duty to defend nor indemnify Oxendine and J.R. in the state action. The clerk is DIRECTED to close this case.

SO ORDERED, this the 9th day of September, 2010.

                      */s/ Louise W. Flanagan*
                      LOUISE W. FLANAGAN
                      Chief United States District Judge